**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| IN RE: | ) | |
| | ) | No. 14-MD-2543 (JMF) |
| GENERAL MOTORS LLC | ) | No. 14-MC-2543 (JMF) |
| IGNITION SWITCH LITIGATION | ) | |
| | ) | Hon. Jesse M. Furman |
| *This Document Relates To All Economic Loss Actions* | ) | |
| | ) | |

**ORDER APPROVING CLASS COUNSEL'S RULE 23(h) MOTION FOR**
**APPROVAL OF AWARD OF ATTORNEYS' FEES AND EXPENSES AND SERVICE**
**AWARDS TO LEAD PLAINTIFFS**

WHEREAS, Economic Loss Plaintiffs ("Plaintiffs"), General Motors LLC ("New GM"),

the Motors Liquidation Company GUC Trust (the "GUC Trust"), and the Motors Liquidation

Company Avoidance Action Trust (the "AAT") (collectively, the "Parties") have entered into a

Settlement Agreement, as Amended on May 1, 2020, including all Exhibits thereto (collectively

the "Settlement Agreement" (ECF No. 7888-1)), subject to preliminary and final approval by this

Court[1];

WHEREAS, the Settlement Agreement sets forth the terms and conditions of a proposed

settlement and dismissal with prejudice of (a) all economic loss claims, whether asserted as class,

mass, or individual actions, however denominated, that are consolidated for pretrial proceedings

in *In re General Motors LLC Ignition Switch Litigation*, Case No. 14-MD-2543 (JMF) ("MDL

2543"), including those listed in Exhibit 1 to the Settlement Agreement, and all economic loss

claims relating to the Recalls filed in the past, present or future in any federal or state court, and

(b) all economic loss claims, whether asserted as class, mass, or individual claims, including all

---

[1]    Capitalized terms used herein but not otherwise defined shall have the meaning assigned to such
terms in the Settlement Agreement.  Unless otherwise noted, all docket references are to 14-MD-2543.

Late Claims Motions and all Proposed Proofs of Claims involving alleged economic loss, however denominated, filed or asserted in the Bankruptcy Case ((a) and (b) collectively, the "Actions" as defined in the Settlement Agreement);

WHEREAS, the Settlement Agreement provides that Plaintiffs' Class Counsel agree to make on behalf of all counsel seeking Attorneys' Fees and Expenses, and New GM agrees not to oppose, an application for an award of Attorneys' Fees and Expenses in the Actions in the amount of no more than Thirty Four Million Five Hundred Thousand U.S. Dollars ($34,500,000);

WHEREAS, by Order dated April 27, 2020 (the "Preliminary Approval Order," ECF No. 7877), this Court: (i) preliminarily approved the Settlement; (ii) ordered that notice of the proposed Settlement be provided to the Class; (iii) provided Class Members with the opportunity to object to the proposed Settlement; (v) provided Class Members with the opportunity to exclude themselves from the Class; and (iv) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class via the Class Notice program authorized and approved by the Court;

WHEREAS, Class Counsel has filed a motion under Fed. R. Civ. P. 23(h) for Approval of Award of Attorneys' Fees and Expenses and Service Awards to Lead Plaintiffs (ECF. No. 8159), seeking an award of attorneys' fees and expenses of $34,500,000 for Plaintiffs' counsels' work in securing the Settlement and for service awards totaling $310,000 to the Lead Plaintiffs (the "Motion");

WHEREAS, the Motion, including its supporting documents, has been available for the Class to review at the General Motors Ignition Switch Economic Settlement website;

WHEREAS, the Court conducted a hearing on December 18, 2020 (the "Fairness Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement

are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; (ii) whether the proposed Class and Subclasses should be finally certified for settlement purposes only; (iii) whether a judgment should be entered dismissing the Actions with prejudice; and (iv) whether to grant the Motion;

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Actions, and good cause appearing therefor; IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Motion is GRANTED.  The Court further finds:

1.    **Jurisdiction**.  The Court has personal jurisdiction over all Plaintiffs, the Class and all Class Members, as well as subject matter jurisdiction over the claims asserted in the Fifth Amended Consolidated Complaint filed in *In re General Motors LLC Ignition Switch Litigation*, Case No. 14-MD-2543 (JMF) on September 8, 2017 ("5ACC") and the Actions.  Venue in the Southern District of New York is proper.

2.    **The Attorneys' Fee and Cost Reimbursement Request**.  Class Counsel have requested an award of $24,585,272.06 in attorneys' fees.  The Court finds that this amount is roughly equal to 16.8 percent of the net constructive common fund (the Settlement Fund plus the fees and costs that New GM has agreed to pay, minus the requested $9,914,727.94 expense reimbursement) or 15.8% of the gross constructive common fund (the Settlement Fund plus the fees and costs that New GM has agreed to pay, including the requested $9,914,727.94 expense reimbursement).  Class Counsel have also requested reimbursement of expenses incurred in connection with this litigation (and that have not been previously reimbursed from the Common Benefit Fund) of $9,914,727.94.

3.      **Reasonableness of the Cost Reimbursement Request.**  "Courts routinely note that counsel is entitled to reimbursement from the common fund for reasonable litigation expenses."  *Fleisher v. Phoenix Life Ins. Co.*, Nos. 11-CV-8405 (CM), 14-CV-8714 (CM), 2015 WL 10847814, at *23 (S.D.N.Y. Sept. 9, 2015) (internal quotation marks omitted).  The cost reimbursement requested by Class Counsel are for expenses typically billed by attorneys to paying clients in the marketplace and includes fees paid to experts, mediation fees, notice costs, computerized research, document production and storage, court fees, reporting services, and travel in connection with the litigation.  The Court finds that Class Counsel's request for reimbursement of the expenses that Plaintiffs' Counsel devoted to pursuing claims on behalf of Lead Plaintiffs and other Class Members is reasonable.

4.      **Reasonableness of the Fee Request.**      Pursuant to *Goldberger v. Integrated Resources, Inc*., 209 F.3d 43, 57 (2d Cir. 2000), the Court has "very broad discretion . . . in determining a reasonable fee."  Upon applying the *Goldberger* factors, the Court finds that a $24,585,272.06 attorneys' fee award is reasonable.

a.      **Comparison of Fee to Fees Awarded in Settlements of Similar Size and Complexity**.  A 16.8% fee award here compares very favorably with fees awarded to class counsel in the Second Circuit.  For example, Courts both within and outside the Second Circuit have, in similar circumstances, awarded percentages at and above 30% of funds comparable to (and even larger than) this one.  *See, e.g.*, *Velez v. Novartis Pharms. Corp*., No. 04-CV-9194 (CM), 2010 WL 4877852, at *21 (S.D.N.Y. Nov. 30, 2010) ("The federal courts have established that a standard fee in complex class action cases . . . where plaintiffs['] counsel have achieved a good recovery for the class, ranges from 20 to 50 percent of the gross settlement benefit," and "[d]istrict courts in the Second Circuit

routinely award attorneys' fees that are 30 percent or greater."); *see also Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126 (JMF), 2018 U.S. Dist. LEXIS 202526, at *16 (S.D.N.Y. Nov. 29, 2018) (awarding attorneys' fees of 26% of $486 million settlement fund); *In re Amaranth Nat. Gas Commodities Litig.*, No. 07-CV-6377 (SAS), 2012 WL 2149094, at *2 (S.D.N.Y. June 11, 2012) (approving fee of 30% of the $77.1 million settlement amount); *In re Bisys Sec. Litig.*, No. 04-CV-3840 (JSR), 2007 WL 2049726, at *2 (S.D.N.Y. July 16, 2007) (approving fee of 30% of a $65.87 million settlement fund); *In re Priceline.com, Inc. Sec. Litig.*, No. 3:00-CV-1884 (AVC), 2007 WL 2115592, at *5 (D. Conn. July 20, 2007) (approving fee of 30% of the $80 million settlement amount); Theodore Eisenberg, Geoffrey Miller & Roy Germano, *Attorneys' Fees in Class Actions: 2009-2013*, 92 N.Y.U. L. REV. 937, 950 tbl. 2 (2017) (study finding the mean and median percentage fees in class cases in the Southern District of New York from 2009 to 2013 were 27% and 31%, respectively).  Like in these other cases, all the hallmarks of a challenging case — complex facts, nettlesome legal issues, a well-funded defendant, and sophisticated opposing counsel — were present here.  Class Counsel and all counsel for the Economic Loss Plaintiffs expended significant effort in researching and prosecuting Class Members' claims, filing amended complaints, completing a massive amount of fact and expert discovery, engaging in extensive summary judgment, *Daubert*, and other motion practice, and navigating the complex bankruptcy proceedings, as well as negotiating and administering this Settlement.

      b.    **The Risk Class Counsel Faced in Litigating the Action**.  After more than six years of hard fought litigation against sophisticated defense counsel, Class Counsel secured a Settlement totaling $121,100,000 for the Class and $34,500,000 in Attorneys'

Fees and Costs, for a total value of $155,600,000, a very significant achievement given the risks faced by Class Counsel. This matter has been intensely litigated including, *inter alia*, all merits and class discovery, motions for summary judgment and class certification, appellate litigation, multiple appearances before the MDL and the Bankruptcy Courts regarding a wide variety of substantive and procedural issues, discovery disputes and briefing, renewed motions for summary judgment, and intensive settlement negotiations. In the Bankruptcy Case, there have been years of motion practice and three separate attempts by certain Economic Loss Plaintiffs and the GUC Trust to reach a settlement agreement to resolve these disputes. Class Counsel faced additional challenges, including the following: (i) the Court granted summary judgment against Plaintiffs' benefit-of-the-bargain damages in the three bellwether states, thereby posing a fundamental barrier to *any* recovery by plaintiffs nationwide unless overturned by the Second Circuit;[2] (ii) the Court held that claims for lost time damages generally require proof of lost income; and (iii) the Court held that many states would not allow the Delta Ignition Switch Plaintiffs' successor liability claims. As for class certification in the three bellwether states, while the briefing on Plaintiffs' motion was complete, the Court stayed consideration of the motion pending the potential need for additional briefing in light of the Court's summary judgment order. *See* ECF No. 7019 at 43-44. Further, complex issues fraught with risk to the Economic Loss Plaintiffs remain in the Bankruptcy Court arising from the Late Claim Motions, including, but not limited to, whether Plaintiffs should be granted authority to file late proofs of claim (and whether such authority can be granted solely on due process grounds),

---

[2] The Court described its summary judgment ruling as "chang[ing] the landscape in dramatic ways." *In re Gen. Motors LLC Ignition Switch Litig.*, 407 F. Supp. 3d 212, 241 (S.D.N.Y. 2019).

whether the Plaintiffs' claims are equitably moot, whether additional grounds exist to object to the Plaintiffs' claims, and the amount of said claims in the event that they are allowed. Litigation of all of these issues has been ongoing for several years, and has consumed significant time, money, and resources from the parties and the Court. Victory was far from assured at any stage, with meaningful hurdles to overcome to certify a class, overcome motions for summary judgment, win at trial, and preserve a favorable judgment on appeal. The requested fee reflects the extraordinary risks that Class Counsel undertook in pursuing this case on a contingency basis for more than six years.

        c.    **The Quality of Class Counsel's Representation**. The Court observes that the quality of Class Counsel's representation of the Class was consistently high, and that the experience, reputation, and abilities of Class Counsel support the requested fee award. Both Class Counsel firms have extensive experience and expertise in class action litigation. The $155.6 million result that Class Counsel achieved substantially compensates Class Members for their losses and is particularly impressive given that the Court's summary judgment order, if not reversed on interlocutory appeal by the Second Circuit, could wipe away most of the damages that the Economic Loss Plaintiffs could recover. Class Counsel faced worthy adversaries of high caliber, which is relevant to evaluating the quality of Class Counsel's work. *See, e.g.*, *City of Providence v. Aeropostale, Inc.*, No. 11-CV-7132 (CM) (GWG), 2014 WL 1883494, at *17 (S.D.N.Y. May 9, 2014), *aff'd sub nom. Arbuthnot v. Pierson*, 607 F. App'x 73 (2d Cir. 2015) (summary order).

        d.    **Public Policy Considerations**. The requested fee furthers the policy goal of "providing lawyers with sufficient incentive to bring common fund cases that serve the

public interest." *Goldberger*, 209 F.3d at 51; *see also Fleisher*, 2015 WL 10847814, at *22.

     e.    **Lodestar Cross-Check**. *Goldberger* calls for a lodestar cross-check in order to compare the resulting awarded percentage with the time and labor actually expended by Class Counsel. 209 F.3d at 50. The requested $24,585,272.06 for Economic Loss Class fees results in a multiplier of negative .31 of the total lodestar reported by Economic Loss Plaintiffs' Counsel ($78,148,898.77), based on 170,669 total hours devoted to the Action.[3] Thus, notwithstanding the risks that Economic Loss Plaintiffs' Counsel faced, the complexity of this very non-typical litigation, and the creativity and diligence that Economic Loss Plaintiffs' Counsel demonstrated in pursuing the Action and producing a $155.6 million Settlement, Economic Loss Plaintiffs' Counsel will fall far short of being reimbursed their collective lodestar. The Court notes that positive multipliers are often awarded in cases within the Second Circuit involving large class large recoveries. *See, e.g.*, *Fleisher*, 2015 WL 10847814, at *18; *Bisys*, 2007 WL 2049726, at *3; *Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, No. 09-CV-686 (SAS), 2012 WL 2064907, at *3 (S.D.N.Y. June 7, 2012); *Velez*, 2010 WL 4877852, at *21; *see also* Eisenberg et al., *supra*, at 967 tbl. 13 (mean and median multiplier for class settlements of

---

[3] Because the Court is using lodestar as a cross-check, "the hours documented by counsel need not be exhaustively scrutinized," but rather "the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case (as well as encouraged by the strictures of Rule 11)." *Goldberger*, 209 F.3d at 50. Therefore, the Court does not need to — and chooses not to — engage in a thorough analysis of the total hours reported by Class Counsel, which are consistent with the complexity of this very non-typical litigation. The Court also finds that the hourly rates reported reflect prevailing rates in the Southern District of New York "for similar services by lawyers of reasonably comparable skill, expertise and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

more than $67.5 million between 2009 and 2013 were 2.72 and 1.5, respectively, with a standard deviation of 3.59.).

5.    **Objections to the Motion**.    There have been no objections to the Motion. Bankruptcy Counsel Goodwin Procter LLP ("Goodwin") filed a Motion for Payment of Fees and Reimbursement of Expenses (ECF No. 8156), seeking to recover fees and costs for what it characterizes as common benefit work.    For the reasons described in a separate Memorandum Opinion and Order to be issued today, the Court denied Goodwin's motion.    Goodwin may seek fees and expenses after Class Counsel make their recommended allocations pursuant to the Settlement Agreement and Paragraph 7 below.    Insofar as Goodwin seeks its own fees from the Class's common benefit fund, this is foreclosed by the Settlement Agreement.

6.    **Approval of Attorneys' Fees and Costs**.    The Court awards Plaintiffs' counsel (i) $24,585,272.06 in attorneys' fees and (ii) $9,914,727.94 to reimburse expenses incurred in connection with this litigation (and that have not been previously reimbursed from the Common Benefit Fund).    Pursuant to the Settlement Agreement, New GM is ordered to pay the fees and costs **no later than 30 days** after the later of the Final Effective Date or the expiration of any appeal period or the resolution of any and all appeals relating to the Attorneys' Fees and Expenses award.

7.    **Allocation of Attorneys' Fees and Costs**. Class Counsel are directed to allocate the fees and costs among eligible Plaintiffs' counsel in a manner that Class Counsel believe, in good faith, reflects the contributions of counsel to the prosecution and settlement of this Action. The allocation among Plaintiffs' counsel shall require approval by this Court, after which Class Counsel shall distribute the fee and expense award as directed by the Court.    As discussed on the record during the Fairness Hearing, no later than **January 7, 2021**, Class Counsel shall submit a

proposed scheduled and structure for the allocation process and any disputes relating to it along with a proposed Order addressing the same.

8.      **Approval of Service Awards.**  In the Second Circuit, Plaintiff incentive awards "are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by plaintiffs."  *Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 101 (E.D.N.Y. 2015) (internal quotation marks omitted); *see also Bellifemine v. Sanofi-Aventis U.S. LLC*, No. 07-CV-2207 (JGK), 2010 WL 3119374, at *7 (S.D.N.Y. Aug. 6, 2010) (courts within this Circuit "have, with some frequency, held that a successful Class action plaintiff, may, in addition to his or her allocable share of the ultimate recovery, apply for and, in the discretion of the Court, receive an additional award, termed an incentive award" (internal quotation marks omitted)); *Dornberger v. Metro. Life Ins. Co.*, 203 F.R.D. 118, 124 (S.D.N.Y. 2001) ("An incentive award is meant to compensate the named plaintiff for any personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit." (internal quotation marks omitted)).  The Class Representatives have devoted considerable time and effort to this litigation, including supervising counsel and responding to discovery.  The result obtained for the Class would not have been possible without the participation of these Plaintiffs.  The Court awards $2000 to Class Representatives who were deposed,[4] and $1000 to Class Representatives who were not deposed.  These Plaintiffs are identified in **Exhibits A** and **B**, respectively.  The Court finds that these awards are reasonable,

---

[4] Courts in this Circuit have recognized that named plaintiffs who are deposed may be entitled to more substantial incentive awards as compensation for the additional time and expense required of them.  *See, e.g.*, *Fleisher*, 2015 WL 10847814, at *24; 32*Norflet ex rel. Norflet v. John Hancock Life Ins. Co.*, 658 F. Supp. 2d 350, 354 (D. Conn. 2009); *Dornberger*, 203 F.R.D. at 124-25.

and fall squarely within the range approved for similar cases in this Circuit. *See, e.g.*, *Alaska Elec. Pension Fund*, 2018 U.S. Dist. LEXIS 202526, at \*17-18; *Godson v. Eltman, Eltman, & Cooper, P.C.*, 328 F.R.D. 35, 60 (W.D.N.Y. 2018); *Kindle v. Dejana*, 308 F. Supp. 3d 698, 718 (E.D.N.Y. 2018); *Jermyn v. Best Buy Stores, L.P.*, No. 08-CV-214 (CM), 2012 WL 2505644, at \*8 (S.D.N.Y. June 27, 2012); *AFTRA*, 2012 WL 2064907, at \*3. The Court declines to provide Service Awards to Lawrence and Celestine Elliott (*see* ECF No. 8201), who did not serve as Class Representatives.

The Clerk of Court is directed to terminate 14-MD-2543, ECF No. 8159.

**SO ORDERED.**

Signed this 18th day of December, 2020.

_____
Honorable Jesse M. Furman
United States District Judge

010440-11 1374083 V1

**EXHIBIT A:  CLASS REPRESENTATIVES RECEIVING $2,000 SERVICE AWARDS**

Valeria Glenn

Gerald Smith

Marion Smoke

Patricia Barker

Chimen Basseri

Michael Benton

Sylvia Benton

Kimberly Brown

Kellie Cereceres

Crystal Hardin

Yvonne James-Bivins

Javier Malaga

Winifred Mattos

Santiago Orosco

David Padilla

Esperanza Ramirez

William Rukeyeser

Michelle Thomas

Joni Ferden-Precht

Debra Forbes

Kim Genovese

Rhonda Haskins

Maria E. Santiago

Harvey Sobelman

Verlena Walker

Neysa Williams

Susan Benner

Debra Cole

Charlene Kapraun

 Keith Nathan

Patrick Painter

Cliff Redmon

Frances Ann Fagans

Lori Green

Raymond Naquin

Lisa West

Harry Albert

Marc Koppleman

Madelaine Koppelman

Melody Lombardo

Robert Wyman

Debra Companion

Richard Leger

Susan Viens

Sheree Anderson

010440-11 1374083 V1

Marquetta Chestnut

Diana Cnossen

Rafael Lanis

Sophia Marks

 David Price

Brian Semrau

Jacqueline Smith

Bryan Wallace

Franklin Wloch

Brad Akers

Deloris Hamilton

Cynthia Hawkins

Kenneth Robinson

Ronald Robinson

Mario Stefano

Christopher Tinen

Patrice Witherspoon

Renate Glyttov

Sandra Levine

Nicole Mason

Donna Quagliana

Michael Rooney

Carleta Burton

010440-11 1374083 V1

Deneise Burton

Debra Cummings

Jerrile Gordon

Paulette Hand

Jennifer Reeder

Bruce Wright

Denise Wright

Janice Bagley

Raymond Berg

Shawn Doucette

Shirley Gilbert

George Mathis

Paul Pollastro

David Schumacher

Greg Theobald

Gareebah Al-ghamdi

Dawn Bacon

Dawn Fuller

Michael Graciano

Shenyesa Henry

Keisha Hunter

Lisa McClellan

Lisa Simmons

Malinda Stafford

Les Rouse

Christy Smith

010440-11 1374083 V1

**EXHIBIT B:  CLASS REPRESENTATIVES RECEIVING $1,000 SERVICE AWARDS**

Camille Burns

Joe Glover

Nettleton Auto Sales, Inc.

Grace Belford

Barbara Hill

Ray Wieters

Trina Bruche

John Marvin Brutche, Jr.

Margaret Lesnansky

Yvonne Elaine Rodriguez

Annet Tivin

Nathan Terry

Wandell Littles Beazer

Stacey Bowens

Robert Deleo

Celeste Deleo

Michael Pesce

Lisa Teicher

Tracey Perillo

LaTonia Tucker

Rochelle Bankhead

Carla Cartwright

010440-11 1374083 V1

Dale Dowdy

Jennifer Dunn

Towana Ferguson

Jenny Mathis

Billy Mosley

Clifford Turner

Barry Wilborn

Dennis Walther

Patricia Backus

Lane Blackwell, Jr.

Martha Cesco

Heather Holleman

Valerie Mortz Rogers

Cheryl Reed

Karen Rodman

Heidi Wood

Alphonso Wright

James Dooley

Lyle Wirtles

Carl Bosch

Evelyn Bosch

Phyllis Hartzell

Philip Zivnuska

Elizabeth Stewart

Dawn Talbot

Colin Elliott

Brittany Vining

Anna Allshouse

David Cleland

Janelle Davis

William Hill

Christine Leonzal

Cynthia Shatek

Jennifer Sullivan

Larry Haynes

Frances Howard

Elizabeth D. Johnson

Ashley Murray

Youloundra Smith

Linda Wright

Laurie Holzwarth

Susan Rangel

Bonnie Hensley

Sandra Horton

Wayne Wittenberg

Crystal Mellen

010440-11 1374083 V1

Michael Amezquita

Heather Francis

Anthony Juraitis

Gene Reagan

Steven Sileo

Javier Delacruz

Lorraine De Vargas

Arteca Heckard

Bernadette Romero

Irene Torres

William Ross

Richelle Draper

Gwen Moore

Leland Tilson

Jolene Mulske

Lisa Axelrod

Gail Bainbridge

Tracie Edwards

Georgianna Parisi

Peggy Robinson

Bradley Siefke

Steven M. Steidle

Bonnie Taylor

William Troiano

Reggie Welch

William Bernick

Shelton Glass

Mary Dias

Garrett Mancieri

Annette Hopkins

Frances James

Cassandra Legrand

Kimberly Mayfield

Edith Williams

Norma Lee Holmes

Catherine Senkle

Helen A. Brown

Alexis Byrd

Felisha Johnson

Sharon Newsome

Louise Tindell

Silas Walton

Alexis Crockett

Blair Tomlinson

Paul Jenks

Reynaldo Spellman

Michael Garcia

Tony Hiller

Stephanie Renee Carden

Melinda Graley

Nancy Bellow

Thomas Linder

010440-11 1374083 V1